OLIVET S. ROGERS & another *vs.* AMERICAN BOARD OF COMMISSIONERS FOR FOREIGN MISSIONS.

A testator by his will devised and bequeathed all his real and personal estate, after payment of debts, expenses, &c., to his wife, " provided however if she remains my widow and unmarried for and during her natural life; provided further if she should marry again after my decease, then my will is that she be paid and receive out of my estate the sum of six hundred dollars and no more." He also provided that on her decease or marriage his executors should erect a suitable marble monument at his grave, and build a suitable fence around the cemetery lot where he should be buried, and appropriated a sum of money for that purpose; and, after the above provisions should be complied with, he devised and bequeathed so much of his estate as should remain at the decease of his wife to the American Board of Commissioners for Foreign Missions. *Held*, that the widow was entitled to the use, improvement and income of the whole estate, after payment of debts, expenses, &c., during her life or until she should marry again; and upon her being married again she would be entitled to the legacy of six hundred dollars; and, upon her death, after deducting the expenditures for the monument and fence around the cemetery lot, the American Board of Commissioners for Foreign Missions would be entitled to the residue.

PETITION by the executors of the will of Cheney Rogers, asking the direction of this court as to the execution of the provisions thereof. The material portions of the will were as follows:

" Third, my will is, after the payment of my just debts and funeral charges, as to my worldly estate and all the property real, personal or mixed, of which I shall die seised and possessed

or to which I shall be entitled at the time of my decease, I give, devise and bequeath all to my dearly beloved wife, Olivet S. Rogers; provided however, if she remains my widow and unmarried, for and during her natural life; provided further, if she should marry again after my decease, then my will is that she be paid and receive out of my estate the sum of six hundred dollars, and no more, together with six per cent. interest upon the aforesaid sum from the year one thousand eight hundred and forty-eight.   Fourth, my will is, in case it becomes necessary, that my executors hereinafter named sell and convey the whole or any part of my real or personal property as in their judgment will be for the best interest of my estate.   Fifth, my will is, on the decease of my beloved wife, or on the event of her marriage, that my executors or the survivor of them erect a suitable marble monument at my grave, with appropriate inscriptions thereon.   And I direct that a suitable fence be built around the cemetery lot wherein my said executors hereinafter named shall bury me, which shall be used as a burying place for myself and my beloved wife; and I hereby appropriate the sum of one thousand five hundred dollars for cemetery purposes and the erection of the monument aforesaid, and for fencing and ornamenting and decorating the place of my burial; providing, however, there be that amount remaining at the decease or marriage of my beloved wife, after the appropriation and provisions hereinbefore mentioned have been complied with.   Sixth, my will is, after the provisions hereinbefore mentioned have been complied with, that so much of my estate, whether real, personal or mixed, as shall remain at the decease of my beloved wife, I give, devise and bequeath to the American Board of Commissioners for Foreign Missions, for the promotion of the missionary cause, to be paid by my executors or the survivor of them as soon after her decease as shall by them be found convenient.   Seventh, and lastly, I do nominate, constitute and appoint my dearly beloved wife, Olivet S. Rogers, and George S. Rogers, of Wales, in the county of Hampden, to be the executors of this my last will and testament."

*P. C. Bacon,* for Olivet S. Rogers.

No counsel appeared for the respondents.

MERRICK, J.*   Olivet S. Rogers, one of the plaintiffs, claims that she is entitled absolutely, under the will of her late husband, Cheney Rogers, to the whole of the real and personal estate of which he died seised and possessed, after the payment of debts, funeral expenses and charges of administration, if she remains unmarried during her natural life, and to hold, employ and dispose of the whole of it, if she does not violate by a subsequent marriage the condition upon which it is given and bequeathed to her.

But applying to that instrument the familiar rule that the intention of the testator, as discovered in the will and collected from a consideration of all its parts and provisions, is to govern in its construction, it is manifest that her claim cannot be sustained.   She relies in support of it upon that clause in the will in which the testator says that, " as to my worldly estate and all the property, real, personal or mixed of which I shall die seised and possessed, or to which I shall be entitled at the time of my decease, I give, devise and bequeath all to my dearly beloved wife, Olivet S. Rogers ; provided however, if she remains my widow and unmarried, for and during her natural life."   This language is a little ambiguous.  If it stood alone, there would be some uncertainty whether the testator intended to make an absolute gift of the whole property, or only of the use, improvement, income and profits of it during the life of the devisee. But this uncertainty is entirely removed by the subsequent provisions and directions in the will.   In the first place, there is the further proviso that " if she should marry again after my decease, then my will is that she be paid and receive out of my estate the sum of six hundred dollars, and no more, together with six per cent. interest upon the aforesaid sum from the year 1848."   This shows very clearly that the provision in the former clause was not intended to be, and did not constitute a bequest of the whole property, but only of the use and income to be derived from it ; for by necessary implication it was to remain

* CHAPMAN, J. did not sit in this case.

the estate of the testator in the hands of his executors during
the life of his wife, because upon the contingency of her second
marriage, they were to pay to her, and she was to receive from
them, instead of what had before been given to her, the sum of
six hundred dollars, and no more.   If the whole of the estate
had been previously disposed of by an absolute gift of it to her,
according to her construction of the will, there would be nothing
in the hands of the executors with which to make payment of
the specific legacy which would become due to her upon her
subsequent marriage, and nothing for her to take, because she
would already have come into possession as the owner of the
whole.   But the testator did not intend that upon the occurrence
of that contingency she should have all of it, but only the sum
of six hundred dollars; and therefore he must have intended
that until that occurrence she should have merely the use and
income of the estate.

The same conclusion is also a necessary result from the fur-
ther direction in the will that the executors, or the survivor of
them, should either upon the decease of the said Olivet, or in
the event of her marriage, erect a marble monument at the
grave of the testator, and upon her decease build a suitable
fence around the cemetery lot; for which purpose, and for the
ornament and decoration of it, he appropriates the sum of fif-
teen hundred dollars, if so much of his estate shall at that time
remain.   This clearly indicates, and certainly imports, that he
did not intend, by anything which he had previously said, to
dispose of the whole by an absolute gift to his wife, because
it imposes upon the executors duties, requiring an expenditure
of no inconsiderable part of his estate, which were to be per-
formed by them after her decease.

And, finally, the residuary clause in the will in which the tes-
tator says that "so much of my estate, whether real, personal
or mixed, as shall remain at the decease of my beloved wife,
give, devise and bequeath to the American Board of Commis-
sioners for Foreign Missions, for the promotion of the mission-
ary cause, to be paid by my executors or the survivor of them
as soon after her decease as shall by them be found convenient,"

necessarily leads to the same result. He meant to promote that cause, and to give something in aid of it; and therefore, not having done so before, he now makes a final and absolute disposition of all his estate which shall then remain. And his direction that it shall be paid by his executors to the lega·ees requires them to retain it as his in their hands for that purpose, until, upon the death of the wife, it becomes payable. To comply with the directions of the testator in this particular, it will be necessary that the real estate, of which the property left by him in part consisted, should be sold by the executors; and authority to that effect is given them in the will, which may be executed when the exigency therefor arises.

A decree is accordingly to be entered that the said Olivet is entitled to the use, improvement, income and profits of the whole estate, after payment of debts, funeral expenses and charges of administration, during her life, or until she is again married; that upon her being again married she will cease to be entitled thereto, but will be entitled instead thereof to the legacy of six hundred dollars, with interest thereon from the year 1848; and that upon her death, and after deducting expenditures made on the monument and cemetery lot as directed, the American Board of Commissioners for Foreign Missions will be entitled to all of the estate which shall then remain

